UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VALENTINO MONES d/b/a<br>TINO MONES SEAFOOD | CIVIL ACTION |
| VERSUS | NO. 11-996 |
| BP AMERICA, INC. ET AL. | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

### ORDER AND REASONS ON MOTION

Plaintiff's Motion to Remand to State Court, Record Doc. No. 14, is pending before me. Defendants, St. Bernard Parish Government ("the Parish") and BP America, Inc., have filed timely written responses to the motion. Record Doc. Nos. 15 and 19. The Parish has advised the court in its response that "it consents to plaintiff's motion to remand, as St. Bernard Parish Government contends that this dispute should be litigated in state court." Record Doc. No. 15 at p. 1. Plaintiff was granted leave to file a supplemental memorandum. Record Doc. No. 21. All parties in this matter have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Record Doc. No. 12.

Having considered the written submissions of the parties, the record, and the applicable law, **IT IS ORDERED** that plaintiff's motion to remand to state court is DENIED. For the following reasons, I find that plaintiff does not have a reasonable

possibility of recovery against the Parish under Louisiana law. The Parish, which – like plaintiff – is a Louisiana citizen for diversity jurisdiction purposes, is therefore improperly joined as a party, and must be dismissed from this case.

I.      BACKGROUND

On March 23, 2011, plaintiff Valentino Mones filed a petition in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana, against defendants BP America, Inc. ("BP") and the Parish through Parish President Craig P. Taffaro, Jr. Record Doc. No. 1-2, p. 1. Plaintiff's petition alleges that he resides in St. Bernard Parish at 5325 Delacroix Highway, where he does business as Tino Mones Seafood; that he rightfully owns the immovable property located at that address; and that the property includes 120 feet of dock space with access to Breton Sound. Id. at 1-2, ¶'s I, VII. Plaintiff claims that he was "engaged by" Parish President Taffaro and David Dysart on behalf of the Parish, along with representatives of BP named as "Mr. Bart and Mr. Jerry,[1]" to lease his Delacroix property. Id. at ¶ IV. The petition states that on May 24, 2010, a verbal contract was entered and a rental rate of $3,000 per day "was agreed to by all parties including" plaintiff, BP and the Parish for rent of the property, "which would be <u>leased</u> and used <u>by</u> BP America, Inc." for storage and as a docking facility. Id. at 2, ¶ V (emphasis added). Plaintiff alleges that the contract amount included movable

---

[1] Plaintiff concedes that the surnames of the employees are unknown.

equipment which was "stored continually on the petitioner's immovable property." Id. at p. 3, ¶ VIII.

Plaintiff contends that he was "personally assured by all defendants" that he would be provided with a written contract entered into by all parties before the "agreed commencement date of May 24, 2010." Id. at p. 2, ¶ VI. Plaintiff concedes that a written contract was never provided, but alleges that on the commencement date "items began to be placed" on the property by defendant BP. Id. According to the petition, defendant BP occupied or stored items on the property for four (4) months, at which time BP abandoned the property without notice. Id. at p. 3, ¶ XI. Plaintiff alleges that he has received no payments for the alleged $345,000 owed on the lease. Id. at ¶ XII. Plaintiff seeks $345,000 for breach of contract and failure to pay an open account, together with additional damages for loss of use of his property caused by "contamination," lost profits and "other economic damages, mental and physical pain and anguish. Id. at ¶s XII and XIV.

Defendant BP removed the action to this court on April 27, 2011, alleging that the Parish had been improperly joined as a defendant to defeat diversity jurisdiction. Record Doc. No. 1, pp. 1-2. Plaintiff filed a timely motion to remand, arguing that he asserts a valid cause of action against the Parish. Record Doc. No. 14, p. 1.

II.     THE LEGAL STANDARD

Civil actions filed in state court may be removed to a federal court that would have original jurisdiction. 28 U.S.C. § 1441(a). Actions are removable based on diversity jurisdiction when 28 U.S.C.§ 1332(a) is satisfied, which requires at least $75,000 in controversy and complete diversity of citizenship among all properly joined parties. See 28 U.S.C. § 1441(b). Removal requires the consent of all properly joined defendants. Rico v. Flores, 481 F.3d 234, 239 (5th Cir. 2007) (citing Getty Oil Corp. v. Ins. Co. of North America, 841 F.2d 812, 815 (5th Cir. 1988). However, removing parties "need not obtain the consent of a co-defendant that the removing party contends is improperly joined." Rico, 481 F.3d at 239.

Disputes over the propriety of removal jurisdiction require strict interpretation of the removal statute, and the court must err on the side of remand in the presence of doubt. Gash v. Hartford Acc. & Indem. Co.; 491 F.3d 278, 281-82 (5th Cir. 2007)(citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir.2000). The jurisdictional facts supporting removal must be analyzed as of the time of removal. Gebbia v. Walmart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). Thus, in an analysis of improper joinder, removal jurisdiction must be supported by claims alleged in the state court petition. Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir.1995).

The test for improper joinder is whether the removing defendant has shown either "(1) actual fraud in the pleading of jurisdictional facts, or (2) <u>an inability of the plaintiff to establish a cause of action against the non-diverse party</u> in state court." <u>Elam v. Kansas City</u>, 635 F.3d 796, 813 (5th Cir. 2011) (<u>quoting</u> Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), <u>cert. denied</u>, 544 U.S. 992 (2005) (emphasis added)).  Under the second inquiry,[2] the defendant has the heavy burden to demonstrate that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." <u>Smallwood</u> 385 F.3d at 573 (5th Cir. 2004).  A mere theoretical possibility of plaintiff's recovery against an in-state defendant is insufficient to establish proper joinder.  <u>Kling Realty Co. v. Chevron USA, Inc.</u>, 575 F.3d 510, 513 (citing <u>Campbell v. Stone Ins., Inc.</u>, 509 F.3d 665, 669 (5th Cir. 2007)); <u>Griggs v. State Farm Lloyds</u>, 181 F.3d 694, 701(5th Cir. 2005) ("While the burden of demonstrating fraudulent joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist.").

Although hypothetical causes of action may not be considered, plaintiff's likelihood of success on the merits of the claim against the non-diverse party is irrelevant

---

[2]In the present case, the removing defendant does not allege fraud in the pleading of jurisdictional facts, and there is <u>no</u> indication of fraud in this record.

in an improper joinder analysis. Guillory v. PPG Industries, Inc., 434 F.3d 303, 308-09 (5th Cir. 2005). Provided there is arguably a reasonable possibility of recovery under controlling state law, any valid cause of action against an in-state defendant may defeat a claim of improper joinder. Id. Thus, the allegations in the complaint itself, "read leniently in favor of remand," are ordinarily sufficient to identify whether a plaintiff has established a reasonable basis of recovery. Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005). However, in actions where the plaintiff has stated a valid claim on the face of the pleadings but has "misstated or omitted discrete facts," the court has discretion to look beyond the pleadings and conduct a summary judgment-type inquiry. Smallwood, 385 F.3d at 573 (emphasis added). The Fifth Circuit has cautioned against widening the scope of the analysis, stating that "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. (emphasis added).

All material disputed facts and any ambiguities in controlling state law must be resolved in favor of the plaintiff. Elam v. Kansas City, 635 F.3d 796, 813 (5th Cir. 2011) (citations omitted). Accordingly, the burden on the removing defendant to prove improper joinder is heavy and only met when the undisputed facts and uncontested evidence preclude any reasonable possibility for recovery. Guillory, 434 F.3d at 308-09. Where a plaintiff states a valid claim against the in-state defendant on the face of the

6

pleadings, "simply pointing to the plaintiff's lack of evidence" supporting the claim is insufficient to establish improper joinder. Elam, 635 F.3d at 813; Travis v. Irby, 326 F. 3d 644, 650-51 (5th Cir. 2003) (removing defendant must put forward evidence to diminish the possibility that the claim advanced by plaintiff will succeed under controlling state law.)

In cases in which the court elects to pierce the pleadings, post-removal filings that raise new causes of action may not be considered. Griggs, 181 F.3d at 701 (5th Cir. 2005); Cavallini, 44 F.3d at 263-65 (holding that removal jurisdiction is limited to the claims included in the state court complaint). Likewise, a plaintiff may not present theories of recovery in support of remand which were not included in the state court petition. Griggs 181 F.3d 694 at 700. Additional allegations filed by the plaintiff after removal may only be considered to the extent that they support or explain the claims presented in state court. Id.

III. ANALYSIS

Two of the three grounds for remand to state court asserted by plaintiff are easily rejected. First, plaintiff's argument that the Parish's dismissal from the suit would reduce the amount in controversy below the requisite jurisdictional amount of $75,000, Record Doc. No. 14-1, p. 6, is without merit. The amount in controversy must be determined by the content of the petition at the time of removal. Gebbia, 233 F. 3d at 883. Plaintiff's

petition expressly seeks $345,000 in contractual damages, together with additional unquantified amounts for other kinds of damages. Plaintiff presents no comprehensible argument why dismissal of the Parish from the suit would result in reduction of the amount that would deprive this court of subject matter jurisdiction.

Second, plaintiff's supplemental memorandum in support of remand fails to establish that the Parish's lack of consent to removal warrants remand. As noted above, a removing party need not obtain the consent of a defendant who the removing party alleges is improperly joined. Rico, 481 F.3d at 239.

Plaintiff's third argument in support of remand is that he has not improperly joined a non-diverse defendant because he has stated a valid, cognizable claim against the Parish. I find however, that plaintiff has not established a reasonable basis of recovery against the Parish; that the Parish must therefore be dismissed; and that the motion to remand to state court must be denied.

It is clear from plaintiff's verified memorandum in support of remand, when read in tandem with his pleadings, that his state court petition "omitted discrete facts" concerning his possibility of recovery against the Parish. Smallwood, 385 F. 3d at 573. For example, the state court petition vaguely asserts that "a contract was entered into verbally" among the three parties, who also "agreed to the contract amount" and "[t]hat said contract ran for a period of four (4) months." Record Doc. No. 1-2 at ¶'s V, VIII and

XI (emphasis added).  However, Louisiana law provides for a wide variety of particular kinds of contracts (conventional obligations). A contract of lease is one such type of contract, La. Civ. Code art. 2668, and the state court petition makes clear that plaintiff's alleged contract with defendant BP was a lease.  Id. at ¶'s V.  Nowhere in the petition, however, does plaintiff specify what type of "contract" he allegedly had with the Parish, an "omitted discrete" fact.   Thus, the court is authorized to look beyond the pleadings to identify discrete facts that would preclude plaintiff's recovery against the non-diverse defendant. Smallwood, 385 F. 3d at 573. Both sides have submitted evidence in connection with this motion enabling the court to do so, and plaintiff's evidence does not add a new claim but merely explains the particular kind of "contract" claim asserted against the Parish in his original petition.

Specifically, plaintiff has submitted an affidavit swearing to the facts asserted in his memorandum in support of the motion to remand.  Record Doc. No. 14-3.  In that verified memorandum, plaintiff makes it absolutely and repeatedly clear that the particular type of contract he allegedly had with the Parish was a guaranty or contract of suretyship.  For example, plaintiff states that after Taffaro offered that "the Parish would guarantee (sic) the lease payment . . . with St. Bernard Parish serving as a surety of his price, . . . [a] verbal contract was then entered into by Plaintiff and Bert and Jerry on behalf of BP, and the Parish as surety of that agreement." Record Doc. No. 14-1 at p. 3

9

of 8 (emphasis added). At several subsequent points in his sworn memorandum, plaintiff again describes his contract with the Parish as a guaranty or a surety agreement. Id. at pp. 5 and 6 of 8.

Louisiana law is clear that "[a] contract of guaranty is equivalent to a contract of suretyship" and that suretyship is one of several types of accessory contracts. Raspanti v. Litchfield, 946 So.2d 234, 240 (La. App. 4th Cir. 2006), citing Guar. Bank & Trust Co. v. Jones, 489 So. 2d 368, 370 (La. App. 5th Cir. 1986); La. Civ. Code arts. 1913, 3035. It is equally clear under Louisiana law that "[s]uretyship must be express and in writing. La. Civ. Code art. 3038 (emphasis added); Raspanti, 489 So.2d at 240; see La. Civ. Code art. 3039 ("Suretyship is established upon receipt by the creditor of the writing evidencing the surety's obligation.")(emphasis added).

Both plaintiff's affidavit swearing to his memorandum and his petition establish that no contract upon which he sues was reduced to writing. He contends that both his lease with BP and the Parish's guaranty of that lease were entered orally. BP's evidence is all geared to establishing that it had no contract with plaintiff. BP is in no position to dispute plaintiff's allegations concerning the nature of his "contract" with the Parish, and BP's evidence does not undermine plaintiff's characterization of his claim against the Parish as a "guarantee" or "suretyship agreement." Because the alleged guaranty was

10

not in writing, plaintiff has no reasonable possibility of recovery for breach of a suretyship contract against the Parish.

Similarly, plaintiff has no reasonable possibility of recovery against the Parish on his open account claim. To prevail on a suit on open account, a plaintiff must prove that the defendant contracted for services on open account based upon a valid contractual relationship between them. Dixie Mach. Welding & Metal Works, Inc. v. Gulf States Marine Tech. Bureau, Inc., 692 So.2d 1167, 1169 (La. App. 5th Cir. 1997); F. Christiana & Co., Inc. v. Matt's Grocery, Inc., 674 So.2d 419, 421 (La. App. 4th Cir. 1996). A successful open account claim requires a valid underlying contract between the parties giving rise to the debt. Gulfstream Services, Inc. v. Hot Energy Services, Inc., 907 So.2d 96, 100 (La. App. 1st Cir. 2005); Vintage Wings & Things, LLC v. Toce & Daiy, LLC, 886 So.2d 652, 657 (La. App. 3d. Cir. 2004). In the absence of a valid suretyship agreement with the Parish, in writing, no underlying contract between plaintiff and the Parish supports his open account claim.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that plaintiff's motion to remand to state court is hereby DENIED. The Parish is improperly joined because plaintiff cannot establish a cause of action against it. Because the Parish is improperly joined and the petition fails to state a claim against the Parish on which relief could be granted, all

claims against defendant St. Bernard Parish Government are hereby DISMISSED.  See Kling, 575 F.3d at 513 (affirming dismissal of improperly joined defendant).

New Orleans, Louisiana, this ____1st____ day of August, 2011.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE